# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>) Criminal No. 15-97<br>v. )<br>) Judge Cathy Bissoon<br>JARRAN BELL, )<br>)<br>Defendant. ) | |

## ORDER

Defendant's Motions (Docs. 457 & 468) for release, based on Covid-19 related health concerns and otherwise, will be denied.

The Court agrees with the government's arguments in opposition, and the reasoning in its briefing (Docs. 463 & 471) is incorporated by reference.[1]

While the Court is not entirely unsympathetic regarding Defendant's familial concerns, they do not reflect "extraordinary circumstances," as contemplated under the law. In these regards, the government's analyses are well founded, and they will not improve by repetition. The Court also remains unconvinced that Defendant's documented medical conditions reveal extraordinary circumstances, vis-à-vis Covid, particularly in light of Defendant's vaccination

---

[1] The Court rejects Defendant's assertion (*see* Doc. 472) that the government's supplemental brief in opposition, filed at Doc. 471, should be stricken. The government filed its brief on April 8, 2022, just two days after the deadline. *See* Doc. 469. This is not a "gotcha!"-style court, and Defendant has not demonstrated that prejudice resulted from the two-day delay. The Court also would note that, afterward, Defendant filed two additional supplements (Docs. 473 & 474), without leave of Court. The undersigned recognizes the passion and sincerity with which Defendant has approached the Court, and it has fully considered the contents of his supplemental materials. But, fairness dictates that the government's (ordered) supplemental filing likewise should be considered, the two-day delay notwithstanding.

status, and his relatively recent recovery from a largely asymptomatic infection in February 2022. *See* Doc. 463; *see also* Doc. 465 (medical records, filed under seal).

Even assuming Defendant has or could establish the existence of extraordinary circumstances, the result would remain unchanged. This is so because he has failed convince the Court that release is warranted in light of the factors in Section 3553.

Defendant was convicted of Conspiracy to Distribute and Possess with the Intent to Distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846; to possessing with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i); and to possessing with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Judgment (Doc. 449). Pursuant to Criminal Rule 11(c)(1)(C), Defendant and the government agreed upon, and the Court accepted, a sentence of 180 months imprisonment, significantly below the Guideline range (262 to 327 months). Defendant's drug-trafficking activity was accompanied by a firearm enhancement, and his prior criminal history was both extensive and significant. *See* PSR (Doc. 437). Defendant's projected release date is over five years away, in March 2028. *See* Doc. 463 at 4.

At bottom, the Court concludes that a grant of the relief requested would be inconsistent with considerations regarding Defendant's extensive criminal history, the very serious nature of his offenses and the needs for just punishment and deterrence. Accordingly, compassionate release will be denied.

The only other matters warranting comment are Defendant's request to be released to home confinement under 18 U.S.C.§ 3624(c)(2); and for relief based on *Nasir*. As to Section 3624(c)(2), the government is correct that such relief is within the exclusive province of the Bureau of Prisons. U.S. v. Thomas, 2022 WL 296594, *2 (3d Cir. Feb. 1, 2022) (citation to

binding and other authority omitted).  As to *Nasir*, the government correctly has identified a panoply of reasons why Defendant's position is unsupported.  *See* Doc. 471 at 4-5.  Even assuming *Nasir* applies retroactively, the predicate offenses for Defendant's career offender status were choate, not inchoate.  *See* PSR (Doc. 437) at ¶ 37.  And, in any event, Defendant's criminal history category, of VI, remains unchanged regardless of his career offender status.  *See id.* at ¶ 62.

The Court has considered all of Defendant's arguments for release, including his founding of a nonprofit organization and his substantial efforts regarding rehabilitation, and they do not, in the Court's judgment, warrant the requested relief.  The Court does not question the sincerity of Defendant, in terms of his contrition and desire to get his life on track.  The undersigned also is impressed with Defendant's substantial efforts at rehabilitation, and encourages him to continue on his current path.

For all of the reasons stated above, along with the others identified in the government's opposition papers (Docs. 463 & 471), Defendant's Motions (**Docs. 457 & 468**) for release are **DENIED**.

IT IS SO ORDERED.


September 26, 2022                                                 s\Cathy Bissoon
                                                                   Cathy Bissoon
                                                                   United States District Judge


cc (via First-Class U.S. Mail, to return address
on Defendant's envelopes of submission):

Jarran Bell
35657-068
FCI Cumberland
P.O. Box 1000
Cumberland, MD  21501-1000

cc (via ECF email notification):

All Counsel of Record