# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 15-97 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| JARRAN BELL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On approximately June 20, 2025, the Clerk's Office received correspondence from Defendant, with contents directed to the undersigned. The Court does not accept correspondence from litigants, and requests for relief must be made on the docket in the form of a motion. Given the possibility, if not likelihood, that Defendant will resubmit the request under different title, the Clerk's Office has been directed to file the submission as a motion, and it will be denied.

Defendant's content does not articulate clear grounds for relief, vaguely referencing "new law" that is "retroactive or one that [is not]." The Court's best guess is that Defendant makes arguments under *Nasir* – ones already presented and rejected. *See* Order dated Sept. 26, 2022 (Doc. 475) at 3 (denying Defendant's prior Motions for release, Docs. 457 & 468, including arguments under *Nasir*). The Court's rulings will not benefit from repetition; and such arguments independently would fail because "changes in sentencing law, whether by statute or opinion, are presumptively non-retroactive," and a failure to benefit from *Nasir* is not an extraordinary or compelling reason. U.S. v. Rodriguez, 2023 WL 4077341, *2 (3d Cir. Jun. 20, 2023) (citing the binding decisions in U.S. v. Andrews, 12 F.4th 255, 260-61 (3d Cir. 2021) *and* Dorsey v. U.S., 567 U.S. 260, 280 (2012)).

Also, Defendant's renewed Motion for release (Doc. 476) will be denied, for the reasons stated by the government. *See* Doc. 479. Defendant's failure to exhaust administrative remedies is apparent. *Compare* Doc. 463-2 (warden's written denial in connection with the original Motions, dated January 5, 2021) *with* Doc. 476 at 3 (the current Motion, also claiming exhaustion on January 5, 2021). Even had Defendant exhausted remedies, the prior Order's reasoning continues in force. The Court sees no material change in circumstances, only a more fervent desire for release. *See* June 20th submission (Defendant feels he has "never been more ready to come home").

The Court's prior expressions of empathy, and encouragement, should not be mistaken for a lack of resolve. The Court found that a reduction in sentence was inconsistent with the factors in Section 3553. Doc. 475 at 2. What was true in September 2022 remains true today. A grant of the requested relief would be inconsistent with Defendant's extensive criminal history, the very serious nature of his offenses and the needs for just punishment and deterrence. *Id.*

Although Defendant is not prohibited from making subsequent filings, requests that fail to demonstrate a *significant, material change* in circumstances will be summarily denied. If desire alone sufficed, our prisons would be all but empty.

Defendant's submission received on June 20th will be filed as a motion and denied, and his renewed Motion for release (**Doc. 476**) is **DENIED**.

IT IS SO ORDERED.

June 26, 2025                                                              s\Cathy Bissoon
                                                                                         Cathy Bissoon
                                                                                         United States District Judge

cc (via First-Class U.S. Mail):

Jarran Bell
USMS 35657-068
United States Penitentiary, Canaan
P.O. Box 300
Waymart, PA  18472


cc (via ECF email notification):

All Counsel of Record